Per cttr.

The case has assumed a new shape. It is asserted on the one side, that the title of the plaintiff, if he ever had any, is extinguished by his agreement. On the other hand it is contended, that the defendant has infringed the contract, and the plaintiff offers this warrant of 1786 to prove it. Regularly, the title must be tried as it was at the time of the demise laid, but in a variety of instances, acts done since, may be shewn on either side, illustrative of the truth of certain facts, or of the intentions of the parties. No evidence has been given to shew what either party did respecting the agreement, between December 1768 and April term 1772, when this ejectment was commenced. If the lessor of the plaintiff was not to do the first act, he certainly should have gone on pari passu, with the defendant; and upon the death of M'Call, he ought to have applied to the defendant to agree to another arbitrator, and bring in his account of what he had paid for the survey. Nothing of this kind is shewn, but a suit has been brought for the recovery of the land. Therefore the taking out a warrant in 1786, without proving that some other act disaffirming the contract, was
Cited in 5 Watts 219 in support of the decision that the receipt of one who had been a chief clerk in the land office many years before, for the purchase-money of land, may be read in evidence in an action of ejectment for the same- land upon proof of the handwriting by a witness who knew it no otherwise than from knowledge derived in the office where the clerk was.
Messrs. Hamilton and Watts, pro quer.
Messrs. Duncan and Riddle, pro def.
*done before April 1772, cannot shew that the defendant first rescinded the contract.
The evidence must therefore be overruled.
At length under the recommendation of the court, it was agreed, to submit the case to the six jurors who attended the view, to do what was equitable and just, between the two parties.